IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal Action No. 3:05CR402

SAYDON KURTIS BURNEY,

**MEMORANDUM OPINION**

Saydon Kurtis Burney, a federal inmate proceeding pro se, brings this "Motion to Modify Pursuant to 28 U.S.C. § 1651(a) for Constitutional Violation: All Writs Act (Not a 2255)." ("Motion to Modify," ECF No. 47.) After the entry of a guilty plea on March 27, 2006, the Court found Burney guilty of possession with the intent to distribute cocaine base and sentenced him to 262 months of incarceration. Burney filed no appeal. By Order entered April 29, 2010, the Court denied a motion to reduce sentence under 18 U.S.C. § 3582. (ECF No. 42.)

On March 24, 2014, the Court received from Burney the Motion to Modify in which he asks the Court to reconsider and modify his sentence because "the Career Offender enhancement was improperly applied to the Petitioner." (Mot. Modify 2.) Burney also asks the Court to reconsider the denial of his § 3582 motion based on Amendment 709 to the United States Sentencing Guidelines. (Id. at 5.)

The All Writs Act, 28 U.S.C. § 1651(a), "permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)). The "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by the statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996).

Burney may not utilize the All Writs Act to challenge his sentence. To the extent that Burney seeks to raise constitutional challenges to his sentence, Title 28 U.S.C. § 2255 specifically addresses challenges to a conviction or sentence by a federal prisoner, thus that statute is controlling. See Ortiz v. United States, 555 F. App'x 261, 262-63 (4th Cir. 2014). The Clerk will be directed to mail Burney the forms for filing a motion to vacate under 28 U.S.C. § 2255. If Burney wishes to file a § 2255 motion, he must complete and return the forms to the Court.

To the extent that Burney seeks reconsideration of the Court's Order denying his § 3582 motion, "§ 3582(c) forbids a district court from ruling on a motion to reconsider a § 3582(c)(2) sentence reduction order." United States v. Mann,

435 F. App'x 254, 255 (4th Cir. 2011). Moreover, once a defendant is sentenced, the Court has no inherent authority to reconsider the defendant's sentence. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (quoting United States v. Cunningham, 554 F.3d 703, 708 (7th Cir. 2009)). If Burney wishes to file another motion for a reduction in sentence under 18 U.S.C. § 3582, he may not raise challenges to his original sentence in such a motion. See United States v. Dawkins, 535 F. App'x 307, 307-08 (4th Cir. 2013) (explaining that challenges to an original conviction and sentence "are not cognizable in a § 3582 proceeding" (citing United States v. Hernandez, 645 F.3d 709, 712 (5th Cir. 2011))). Motions made by defendants under 18 U.S.C. § 3582 may only raise issues related to retroactive amendments to the United States Sentencing Guidelines. See 18 U.S.C. § 3582(c)(2); Mann, 435 F. App'x at 255.

Accordingly, the Motion to Modify (ECF No. 47) will be denied. An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the

3

petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Burney fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Burney and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 26, 2014