

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.    Criminal No. 3:05cr402

SAYDON KURTIS BURNEY

**MEMORANDUM OPINION**

Saydon Kurtis Burney, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 51.) The Government has moved to dismiss, inter alia, on the ground that Burney's § 2255 Motion is barred by the statute of limitations. (ECF No. 55.) Burney has not responded. For the reasons set forth below, the Government's motion to dismiss will be granted, and Burney's § 2255 Motion will be dismissed as barred by the statute of limitations.

**I. PROCEDURAL HISTORY**

Burney pled guilty to possession with intent to distribute fifty (50) grams or more of cocaine base. (Plea Agreement 1, ECF No. 21.) On March 27, 2006, the Court entered judgment against Burney and sentenced him to 262 months of imprisonment. (J. 1-2, ECF No. 33.)

On November 30, 2014, Burney placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 14.) The Court deems the § 2255 Motion filed as of

that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Burney asserts that he was incorrectly classified as a career offender. (§ 2255 Mot. 5.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2

Because Burney did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Monday, April 10, 2006, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, Burney had until Tuesday, April 10, 2007 to file any motion under 28 U.S.C. § 2255. Because Burney did not file his § 2255 Motion until November 2014, the motion is untimely under 28 U.S.C. § 2255(f)(1).

Burney seeks belated commencement under 28 U.S.C. § 2255(f)(3) based upon the United States Court of Appeals for the Fourth Circuit's decisions in United States v. Davis, 720 F.3d 215 (4th Cir. 2013),[1] and United States v. Andrews, 547 F. App'x 248 (4th Cir. 2013).[2]

---

[1] In Davis, the Fourth Circuit concluded the defendant's consolidated sentence under North Carolina law for separate robberies was a single sentence, precluding application of the career offender guideline. 720 F.3d at 219-20.

[2] In Andrews, the Fourth Circuit affirmed the defendant's convictions, but vacated his sentence and remanded for resentencing because the Government conceded that the defendant's career offender designation was no longer valid after Davis. 547 F. App'x at 249-50.

A § 2255 petitioner may obtain a belated commencement of the limitation period to "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). To the extent Burney argues that he is entitled to a belated commencement under § 2255(f)(3) because Davis and Andrews established rights that "ha[ve] been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," he is incorrect. Id. Davis and Andrews are not Supreme Court decisions recognizing a new right, and therefore fail to satisfy the requirements of § 2255(f)(3). See Williamson v. United States, Nos. 7:10-CR-123-FL, 7:13-CV-194-FL, 2015 WL 4130863, at *4 (E.D.N.C. July 8, 2015) (concluding the defendant could not rely upon Davis for purposes of § 2253(f)(3) because Davis is not a Supreme Court decision); cf. United States v. Williams, No. 3:06CR209, 2014 WL 6712896, at *1 n.2 (E.D. Va. Nov. 26, 2014) (noting that Davis failed to make § 2255 motion timely). Thus, Burney lacks entitlement to a belated commencement period under Davis and Andrews. Accordingly, the statute of limitations bars Burney's § 2255 Motion.[3]

---

[3] Burney also mentions that he seeks relief pursuant to

### III. CONCLUSION

For the foregoing reasons, Burney's § 2255 Motion (ECF No. 51) will be denied. The Government's motion to dismiss (ECF No. 55) will be granted. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Burney and counsel for the Government.

It is so ORDERED.

/s/ *Ref*
Robert E. Payne
Senior United States District Judge

Date: August 10, 2015
Richmond, Virginia

---

Amendment 709 to the Sentencing Guidelines. However, a request for relief pursuant to Amendments to the Sentencing Guidelines is not cognizable under § 2255. See United States v. Jones, 143 F. App'x 526, 527 (4th Cir. 2005) (holding that the district court erred in construing the petitioners' motions under 18 U.S.C. § 3582(c)(2) for reductions in sentence based on retroactive application of Amendment 591 as § 2255 motions); Ono v. Pontesso, No. 98-15124, 1998 WL 757068, at *1 (9th Cir. Oct. 26, 1998) (citation omitted) (noting that a request for a modification of a sentence pursuant to an Amendment to the Sentencing Guidelines "is most properly brought as a motion under 18 U.S.C. § 3582"); see also United States v. Mines, No. 3:09CR106-HEH, 2015 WL 1349648, at *1 (E.D. Va. Mar. 4, 2015) (citations omitted). In any event, Amendment 709 is not retroactively applicable. See United States v. Barnes, 388 F. App'x 301, 302 (4th Cir. 2010).

5